[No. S010709. Sept. 21, 1989.]

In re REG FUDGE, JR., on Suspension.

**COUNSEL**

Gary B. Fleischman for Petitioner.

Diane C. Yu, Truitt A. Richey, Jr., Margaret E. Fourt and Dominique Snyder for Respondent.

**OPINION**

**THE COURT.**—Reg Fudge, Jr., admitted to the practice of law in 1979, pled guilty in 1981 to violation of Health and Safety Code sections 11361 (furnishing marijuana to a minor) and 11380 (furnishing a controlled substance, to wit: methaqualone, to a minor). No appeal was filed, and his conviction became final. After a three-month evaluation at the California Institute for Men at Chino, he was sentenced by the superior court to a three-year term. Sentence was suspended and he was placed on three years' probation on conditions including participation in antidrug therapy. Fudge successfully completed probation and charges were ultimately dismissed under the provisions of Penal Code section 1203.4.

In 1987 we were informed of his conviction and in October 1987 we placed him in interim suspension and referred the matter to the State Bar for hearing, report, and recommendation as to the discipline to be imposed. The State Bar's report has now been filed. The hearing panel recommended that no further discipline be imposed and that Fudge's period of interim suspension be terminated. The review department recommends on an eight-to-seven vote that he be suspended for three years, that execution of suspension be stayed, and that he be placed on probation for three years on conditions including two years' actual suspension prospective to the period

already served on interim suspension. Fudge has filed objections but has not requested oral argument. (Cal. Rules of Court, rule 951(d).)

■ This court, after reviewing the entire record and considering all the facts and circumstances, has concluded that Fudge's conduct involved moral turpitude. However, given mitigating circumstances in the case including the unexplained delay by the State Bar in instituting proceedings, we have further concluded that he should be credited with the period he has already spent on interim suspension.

It is therefore ordered that Reg Fudge, Jr., be suspended from the practice of law for three years. Execution of suspension is stayed and he is placed on probation for three years on condition that he be actually suspended for the first two years of said probation, the period of actual suspension and probation to be calculated from the effective date of his interim suspension, and that he comply with the other conditions set forth in the resolution of the review department adopted at its March 2, 1989, meeting. It is further ordered that he take and pass the Professional Responsibility Examination within one year of the effective date of this order. (See *Segretti* v. *State Bar* (1976) 15 Cal.3d 878, 891 [126 Cal.Rptr. 793, 544 P.2d 929].)[1] This order is effective upon finality of this opinion. (See rule 24(a), California Rules of Court.)

---

[1] He has already complied with the provisions of rule 955, California Rules of Court.